[Sac. No. 3827.  In Bank.—June 25, 1927.]

## GEORGE H. ABEL, Appellant, v. RECLAMATION DISTRICT No. 2047, Respondent.

[1] RECLAMATION DISTRICTS—DRAINAGE—JUSTICE OF ASSESSMENTS.— It is held in this case that the plaintiff has suffered no apparent injustice by being required to pay an assessment for drainage which seems to be calculated upon a reasonable basis.

[2] ID. — DETERMINATION OF BENEFITS — FINDINGS — APPEAL. — Much must be left to the sound judgment and discretion of the officers appointed by law to determine the question of benefits in reclamation and drainage matters and finally to the court which makes a

judicial review of the proceedings; and their findings will not be interfered with on appeal unless the assessments appear to be arbitrarily or unreasonably made.

[3] ID.—VALIDITY OF SECTION 3455, POLITICAL CODE—DETERMINATION OF.—The validity, scope, and effect of section 3455 of the Political Code, as amended in 1919, were determined in *Hershey et al.* v. *Reclamation District No. 108*, 200 Cal. 550, and *Browning* v. *Reclamation District No. 108*, 200 Cal. 799, and it is held that all questions not specifically noticed in this case are concluded by those cases.

(1) 19 **C. J.**, p. 719, n. 86 New.     (2) 19 **C. J.**, p. 744, n. 23.

APPEAL from a judgment of the Superior Court of Colusa County. J. O. Moncur, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Theodore W. Chester for Appellant.

Thos. Rutledge for Respondent.

SEAWELL, J.—This appeal was taken by the plaintiff from a judgment rendered against him that he take nothing by his action and that the defendant have judgment for its costs of suit. By the record before us it appears that the plaintiff was at all the times mentioned in the complaint and proceedings in this cause the owner of four separate parcels of real property, aggregating 670.45 acres, situate in defendant Reclamation District No. 2047, county of Colusa. Said district contains an area of about 235,000 acres. That by proceedings taken by the board of trustees of said Reclamation District a comprehensive system of drainage was inaugurated for the purpose of conducting out of said district by means of a main canal and laterals large quantities of water brought therein from the Sacramento River by several irrigation systems existing within the district for the purpose of flooding extensive areas of land devoted to rice culture and for general irrigation purposes. Plaintiff's lands are not within any one of the several irrigation districts formed within the limits of defendant Reclamation District and said lands have never been devoted to rice growing, but have been quite continuously used in recent years for the production of alfalfa

crops. The four parcels which are assessed are portions of appellant's entire acreage, through which the Glenn-Colusa irrigation district canal courses. Those portions lying west of said canal are without the limits of the district and are not included in the assessment. Those parcels lying on the east side of said canal and situate within said Reclamation District fall within the levy made as well as do all other lands within said Reclamation District for drainage purposes. The assessment commissioners appointed by the board of supervisors of said county of Colusa placed upon said four parcels of plaintiff's lands as their proportionate share of the entire cost of the improvements the aggregate sum of $4,755.67. Upon a hearing of the objections made by plaintiff as to the illegality and inequality of said assessment as compared with other lands, the board of supervisors modified the assessment as reported by the trustees of the district by reducing it to $1,853.15. (Sec. 3456, Pol. Code.) In all other respects the objections were overruled and the assessment was approved as modified. The principal reason for the modification was that plaintiff's lands were not planted to rice and the drainage factor applied in estimating the benefits that would accrue to lands within the district by reason of the improvement should not be as large in cases where land was used for growing alfalfa as in those cases where it was used for or was adaptable to the use of rice culture. The main objections urged by plaintiff in the court below, and insisted upon here, were that said assessments levied upon said four parcels of land were illegally made for the reason that none of said parcels or any portion thereof was or could possibly be benefited by the drainage project and would, in fact, suffer a positive detriment therefrom; that said assessments were not apportioned according to the benefits, if any, that would accrue to said separate parcels with respect to each other or to the lands generally situate within the district and the cost of constructing said drainage improvement was disproportionate to and greatly in excess of any and all benefits that could accrue to said parcels or to all other lands situate within said Reclamation District, The main canal is several miles distant from the lands of plaintiff, but lateral F cuts the southerly boundary line of plaintiff's lands and lateral F–1 is approximately but one

mile south of the southerly boundary line of said lands, two miles from its central point, and three miles from its remotest portion. Lateral F-4 is a constructed or excavated canal seven feet deep, eighteen or twenty feet wide at the top, and from two to five feet wide at the bottom. It is four and one-half miles easterly from plaintiff's lands. The flow of water or drainage from the lands of plaintiff is generally easterly with a trend north of east at the north line and south of east at the south line. Lateral F was dredged from the main canal westerly a distance of two miles. Thence it continues as a natural swale or ancient creek channel. Lateral F-1 is an arm or branch of lateral F. It appears that the drainage waters from plaintiff's lands find their way into the laterals and finally into the main canal. If the laterals should prove to be inadequate to drain the lands in a satisfactory manner, the construction of a ditch or slight enlargement of the laterals, which is tentatively a part of the plan, would be made to relieve the situation. There is, however, no showing of such immediate necessity and it could not reasonably be expected that a definite provision would be made for a contingency that may not occur. St. Maurice, the engineer for the district, testified that such work, while not definitely provided for at the present time, is in the contemplation of the general plan, and will be done if the exigencies of the situation should require it, either as a drainage or irrigation expediency.

[1] Plaintiff's most insistent objection to the improvement is that his lands will not be benefited either by drainage or irrigation works. It would seem that his lands are upon an elevation slightly above the general level of adjacent lands and have a natural, easy drainage. He produced witnesses who testified that grain crops had been grown upon his lands for many years without irrigation and in the latter years alfalfa has been successfully grown without irrigation. It is a fact, however, that the lands abutting on three sides of his lands have for several years been annually flooded during the summer seasons by his neighbors who are engaged in rice culture. On the west, or remaining side, said lands are bounded by the large central irrigation canal. Thus it is seen that his lands are entirely surrounded by irrigation waters brought to the borders of

his lands by artificial means at a cost to others. Thus surrounded by water, it would not appear strange that his lands, even though at a slight elevation, should have produced alfalfa without the necessity of surface irrigation. That the lands of plaintiff were substantially benefited by percolating and subsurface waters can scarcely be doubted. The waters used for irrigating rice crops are held on the lands during the summer seasons and drained off in the fall of the year. The winter rains are sufficient for all other purposes. It would seem, in the light of the facts of the case, that plaintiff has suffered no apparent injustice by being required to pay an assessment which seems to be calculated upon a reasonable basis. [2] But there are other alleged elements of benefit which were considered by the triers of the facts in the order provided by the statute and we are not permitted to interfere with the findings of those tribunals unless the assessments appear to be arbitrarily or unreasonably made. Much must be left to the sound judgment and discretion of the officers appointed by law to determine the question of benefit in reclamation and drainage matters and finally to the court which makes a judicial review of the proceedings.

[3] The central points urged by appellant, such as the validity, scope and effect of section 3455 of the Political Code as amended in 1919, as counsel for appellant points out, were involved in the case of *Hershey et al.* v. *Reclamation District No. 108,* 200 Cal. 550 [254 Pac. 542], and *Browning* v. *Reclamation District No. 108,* 200 Cal. 799 [254 Pac. 551], and are controlled by the cases above cited. Upon the grounds and for the reasons given in those cases all questions not specifically noticed herein, being within the purview of the cases last cited, must be held to be concluded by those cases.

Judgment affirmed.

Shenk, J., Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.

Rehearing denied.